UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIKRAM SRINIVASAN,<br><br>   Appellant,<br><br>  v.<br><br>FAY SERVICING LLC, et al.<br><br>   Appellees. | Case No. 21-cv-02004-JST<br><br>**ORDER DENYING EMERGENCY MOTION FOR ORDER TO SHOW CAUSE**<br><br>Re: ECF No. 3 |

  This bankruptcy appeal was docketed on March 23, 2021. Appellant Vikram Srinivasan seeks relief from the Order Denying Motion for Preliminary Injunction entered by the bankruptcy court on March 1, 2021. ECF No. 1-2.

  On March 26, 2021, Srinivasan filed an "Emergency Motion for Order to Show Cause." ECF No. 3. Appellant seeks a stay of the bankruptcy court's March 1, 2021 denial of his preliminary injunction motion and an order enjoining Appellees from modifying, encumbering, improving or transferring the real property located at 1648 Summitridge Drive, Beverly Hills, California – essentially the same relief he sought from the bankruptcy court. ECF No. 4 at 5.

  The Court interprets Appellant's motion as a request for either a temporary restraining order or a stay pending appeal pursuant to Federal Rule of Bankruptcy Procedure 8007(b).[1] There are at least two problems with Appellant's request which prevent the Court from granting that relief.

---

[1] The standard for a temporary restraining order contains factors similar to those considered when determining whether to grant a stay. *Compare Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008), *with Nken v. Holder*, 556 U.S. 418, 434 (2009). *See also Shek v. Burchard*, No. 19-cv-00588-EMC, 2019 WL 1102990, at *3 (N.D. Cal. Mar. 8, 2019) ("Appellants seeking a discretionary stay under [Rule 8007] must meet the terms of a test virtually identical to that for a preliminary injunction.").

First, Appellant's delay in seeking the Court's assistance demonstrates that his request should be heard as a noticed motion. Appellant filed his emergency motion on March 26, 2021, twenty-five days after the bankruptcy court entered the order denying Appellant's motion for a preliminary injunction. ECF No. 4-3. That delay undermines his claim that he will suffer irreparable harm unless the Court acts before Appellees have an opportunity to respond. *See Miller ex rel. NLRB v. Cal. Pac. Med. Ctr.*, 991 F.2d 536, 544 (9th Cir. 1993) ("Plaintiff's long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm." (citation omitted)). Moreover, the "emergency" relief that Appellant seeks is not to prevent a future occurrence of some kind, but rather to void a sale that took place on October 22, 2020.[2] ECF No. 4 at 10-11. These circumstances do not present immediate and irreparable injury "as to suggest that relief should issue without a hearing." *See Doe v. Albany Unified Sch. Dist.*, No. 17-cv-02767-JST, 2017 WL 11501495, at *1 (N.D. Cal. May 17, 2017).

Second, even if the request were timely, the Court would still deny it because Appellant did not first present his request to the bankruptcy court. Pursuant to Federal Rule of Bankruptcy Procedure 8007(b), a motion for stay pending appeal or an order granting an injunction while an appeal is pending "ordinarily" must be presented to the bankruptcy court in the first instance. Fed. R. Bankr. P. 8007(a)(1). An appellant seeking to bypass that requirement must "show that moving first in the bankruptcy court would be impracticable." Fed. R. Bankr. P. 8007(b)(2).

Here, Appellant fails to comply with Rule 8007. Appellant has not presented his request for a stay to the bankruptcy court. Appellant's entire explanation for this failure is:

> Making this Motion to the Bankruptcy Court would be impracticable and useless. The Bankruptcy Court's Order already denied this relief. Asking it again would waste precious timed necessary to protect the Debtor's estate and the Property.

ECF No. 4 at 21. Reduced to its essence, his argument is that he should not be required to file his

---

[2] Appellant also asks the Court to enjoin Appellees from modifying, encumbering, improving, or transferring the property, but provides no indication that such activities are imminent. *See Choudhuri v. Specialized Loan Servs. LLC*, No. 19-cv-00028-PJH, 2019 WL 3254130, at *2 (N.D. Cal. July 19, 2019) ("Without some facts about when that threatened [activity] will take place, the court cannot conclude that plaintiff faces an imminent or immediate risk of injury.").

motion in the bankruptcy court because he already lost there.  But the same can be said of *every* appellant – that's why they appeal.  Thus, were the Court to accept Appellant's argument, no one would ever have to comply with Rule 8007.  This cannot be what the statute's drafters intended when they required a showing that "moving first in the bankruptcy court would be impracticable." *See* Fed. R. Bankr. P. 8007(b)(2); *see also Paxton v. Quinlan*, No. 20-cv-01655-PJH, 2020 WL 3414694, at *3 (N.D. Cal. June 22, 2020) (rejecting argument that moving the bankruptcy court would be impractical because "the bankruptcy court already denied their motion for relief").  "A failure to seek emergency relief in the bankruptcy court is a critical defect."  *In re Rivera*, No. 15-cv-04402-EJD, 2015 WL 6847973, at *2 (N.D. Cal. Nov. 9, 2015).  Accordingly, Appellant's failure to comply with Rule 8007 also precludes the requested relief.[3]

For these reasons, Appellant's motion is denied without prejudice.

**IT IS SO ORDERED.**

Dated:  March 29, 2021



JON S. TIGAR
United States District Judge

---

[3] In light of this ruling, the Court does not address the merits of the motion.